Charles T. Major, J.
This claim is for property damages based on alleged negligence, and temporary trespass to claimants’ property during the construction of the New York State Thruway. Claimants maintain that the trespass consisted of *619 quantities of dust and dirt being thrown upon their property by blasting, grading and heavy truck and machinery traffic. No continuing trespass is claimed.
The claim herein was filed on January 29, 1954.
In 1949 claimants, as husband and wife, purchased property involved herein and have since occupied it as their home.
At the close of claimants’ evidence and upon motion made by the State, the court dismissed that portion of the claim for damages alleged to be caused by blasting.
Construction of the section involved was carried on by two independent contractors. Collins & Collins did the grading, and Collins Brothers did the paving. The State had an engineer in charge of the five-mile section which included the area adjoining claimants’ premises. The duty of this engineer was only to survey and see that the work conformed with the terms of the contract. He had no authority to control the contractors, employees or work.
The evidence fails to prove that the vibrations from the operation of the trucks or machinery caused damage to claimants’ property, or that such trucks and machinery were negligently operated, or committed any act of negligence or trespass on claimants’ lands. The contractors were not shown to be incompetent, or to have failed in their duty of due care. There is no evidence that the plans were defective. The right of way was acquired and the Thruway planned, laid out and constructed under legislative authority. All work was carried on within the State’s right of way and not less than 25 feet from claimants’ property line and 68 feet from the rear of their house. On dry and dusty days, the trucks and machinery did raise some dust, but the court finds that no damage was caused thereby to claimants’ property. The contractor, with the State’s approval, applied calcium chloride to control this dust. The evidence is insufficient to determine the adequacy, effectiveness, or practicability of such applications. The work performed was not inherently dangerous.
Claimants have failed to prove a claim against the State. (81 C. J. S., States, p. 1143; 1 Shearman & Redfield on Negligence [rev. ed.], p. 168; Radcliff’s Executors v. Mayor, etc. of Brooklyn, 4 N. Y. 195; Chase-Hibbard Milling Co. v. City of Elmira, 207 N. Y. 460, 466.)
The claim herein is dismissed.
The foregoing constitutes the written and signed decision of this court upon which judgment may be entered. (Civ. Prac. Act, § 440.)
Let judgment be entered accordingly.